## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF REALTORS, INC., )<br><br>    Plaintiff )<br><br>V. )<br><br>PDFFILLER, INC., VADIM YASINOVSKY,<br>AND BORIS SHAKHNOVICH )<br><br>    Defendants )<br>) | Civil Action No. _____ |

## COMPLAINT AND JURY DEMAND

Plaintiff, California Association of Realtors, Inc. ("C.A.R."), asserts this Complaint against PDFfiller, Inc., Vadim Yasinovsky, and Boris Shakhnovich (collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the United States Copyright Act, 17 U.S.C. §101, *et seq.*, trademark infringement under the Lanham Act, 15 U.S.C. §1051, *et. seq.*, violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1201 *et. seq.*, and violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A §§2, 11.

2.    Defendants collectively own and control the operation of a website called www.pdffiller.com (the "PDFfiller Website").

3.    At all pertinent times, the Defendants, through the PDFfiller website, have maintained a massive document database containing at least 64 separate copyrighted works

1

owned by C.A.R., and have reproduced and sold C.A.R.'s many copyrighted works many hundreds of thousands of times, and possibly millions of times, over the internet.

4.      In addition to bearing proper notices of copyright under 17 U.S.C. §401, each of C.A.R.'s copyrighted works also bear C.A.R.'s trade name and logo, which are registered trademarks belonging to C.A.R.

5.      In short, Defendants are engaging in a massive counterfeiting scheme, for profit, passing off and selling C.A.R.'s copyrighted works and using C.A.R.'s registered trademarks simultaneously.

6.      This lawsuit is necessary to address C.A.R's damages for Defendants' willful acts of infringement and to enjoin Defendants from their continuous and pervasive reproduction and sale of unauthorized copies of C.A.R.'s works and use of C.A.R.'s trademarks.

## THE PARTIES

7.      Plaintiff California Association of Realtors, Inc., (hereinafter referred to as "Plaintiff" or "C.A.R.") is a California not-for-profit corporation with its principal place of business located at 525 South Virgil Avenue, Los Angeles, California 90020.

8.      Defendant PDFfiller, Inc. ("PDFfiller") is a Massachusetts corporation with its principal place of business located at 167 Corey Road #206, Brighton, MA 02135.

9.      PDFfiller conducts business through its web address: www.pdffiller.com.

10.     Defendant Vadim Yasinovsky ("Yasinovsky") is an individual domiciled in the Commonwealth of Massachusetts.

11.     Yasinovsky is the CEO and Secretary of PDFfiller and operates the website, www.pdffiller.com.

12.     Defendant Boris Shakhnovich ("Shakhnovich") is an individual domiciled in the Commonwealth of Massachusetts.

13.     Shakhnovich is the President, Treasurer, and Director of PDFfiller, and operates the website, www.pdffiller.com.

## JURISDICTION AND VENUE

14.     This is a civil action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. §101 et seq., trademark infringement arising under the Lanham Act of 1946, as amended, 15 U.S.C. §1051 et seq., violations of the Digital Millennium Copyright Act, 17 U.S.C. §1201 et seq., and violations of the Massachusetts Consumer Protection Act under M.G.L. c. 93A §§2 and 11.

15.     This Court has jurisdiction of this action under 28 U.S.C. §§1331 and 1338(a) as to the Copyright, Trademark, and DMCA claims.

16.     This Court also has diversity jurisdiction under 28 U.S.C. §1332 (diversity of citizenship).

17.     Plaintiff is a California not-for-profit corporation with its principal place of business in California, and is therefore domiciled in California.

18.     Defendants are domiciled in Massachusetts, and no Defendant is domiciled in California, such that the Plaintiff and Defendants are diverse in citizenship under 28 U.S.C. §1332.

19.     The amount in controversy exceeds $75,000 exclusive of interest and costs, satisfying the requirement of amount in controversy under 28 U.S.C. §1332.

20.     This Court also has supplemental jurisdiction under 28 U.S.C. §1367 as to the Massachusetts Consumer Protection Act claim.

3

21.     Defendants are subject to personal jurisdiction in this district, as each resides or regularly conducts business within the Commonwealth of Massachusetts.

22.     Venue  is proper in this district under 28 U.S.C. §§1391 and 1400(a), as Defendants maintain an office in this district that was a focus of the unauthorized activities alleged herein, and the acts of infringement at issue occurred in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

23.     Plaintiff C.A.R. was founded in 1905, and currently is a non-profit trade association representing approximately 170,000 real estate professionals statewide in California.

24.     C.A.R. is dedicated to serving its members through developing and promoting programs and services in the real estate field.

25.     The C.A.R. name and logo, both of which are registered trademarks, are well known and trusted in the real estate industry.

26.     C.A.R.'s programs and real estate business services are well-known and understood by real estate professionals as the "gold standard."

27.     C.A.R.'s organization and name is recognized as a provider of high quality, accurate, and state of the art business solution products, programs and services which assist its membership in achieving success in the real estate field.

28.     Over many years, C.A.R. has created and maintained an extensive resource library of specialized and copyrighted business works created and designed to cover essentially all aspects of the types of residential and commercial real estate purchase, sales, and leasing transactions in which C.A.R.'s members engage (the "C.A.R. Library").

29.     By affixing its trademark and logo to the business solution products and materials, C.A.R. has signified to its members, users and recipients of the works that the C.A.R. Library is complete, accurate, fair, legitimate, up to date, and of the highest quality.

30.     C.A.R. has at all pertinent times expended considerable amounts of time and money and has employed numerous persons to continually revise, improve and update the C.A.R.  Library to ensure that its works remain current with the myriad of legal and policy changes affecting the California real estate services industry and to create and conform with ever-evolving industry best practices.

31.     Access to the C.A.R. Library is restricted to C.A.R.'s paid members and other licensees.   Electronic versions of the C.A.R. Library are only available via software ("zipForm®") offered by RE FormsNet, LLC d/b/a zipLogix ("zipLogix").  The Manager and majority owner of zipLogix is Real Estate Business Services Inc. ("REBS"), a wholly owned subsidiary of C.A.R.

32.      REBS is licensed to provide the works in the C.A.R. Library to C.A.R. members and other non-member real estate professionals for the benefit of C.A.R.

33.     Access to certain of the works in the C.A.R. Library is also offered to C.A.R.'s paid members and other licensees for sale through the C.A.R. Business Solutions online store operated by REBS at http://store.car.org/car-standard-forms.html.

34.     C.A.R. members are provided access to the C.A.R. Library as a member benefit. Real estate professionals who are not C.A.R. members may purchase an annual license to access the C.A.R. Library through zipForm® for an annual fee between $799 and $999.

35.     Access to the C.A.R. Library is a highly regarded benefit of membership in C.A.R.

36.    Obtaining access to the C.A.R. Library by joining also is a major selling point for C.A.R. to market to and obtain members from the industry of California real-estate professionals.

37.    The state-of-the-art nature and exceptionally high quality of the business solutions and works in the C.A.R. Library is also a major factor for C.A.R. to obtain membership renewals and to maintain the ranks of its paid and registered members.

38.    Use of the state-of-the-art and gold standard updated works in the C.A.R. Library also inures to the benefit of C.A.R. members and other real estate professionals in that standard documents are available for the many situations they may encounter in the real estate industry.

39.    Not only do C.A.R. members' deals and transactions proceed more smoothly due to their use of works from the C.A.R. Library, but their clients can also be confident that the documents used to facilitate the transaction are of top quality and comply with all legal and regulatory requirements. Such benefits are central to the trade association goals and purposes of C.A.R.

40.    Only licensed zipForm® users can access and use the software to fill in client and transaction details and create different types of documents with different purposes and functions, as needed, and then download and send completed documents for use in a real estate transaction.

41.    Defendants' PDFfiller Website is designed to do the same thing, and directly mimics the functionality of zipForm® concerning numerous works from the C.A.R. Library.

42.    C.A.R. monitors and controls the manner in which the copyrighted works of the C.A.R. Library may be used by licensed users.

43.    C.A.R. strictly limits access to the electronic version of the C.A.R. Library to licensed and registered zipForm® users, subject to an End-User License Agreement for zipLogix Products and Services (the "zipLogix EULA").

44.     At all pertinent times, the zipLogix EULA has expressly prohibited the removal or alteration of any trademark or copyright notices on or in any zipLogix Product or any documents, printouts or PDFs generated using any zipLogix Product.

45.     At all pertinent times, the zipLogix EULA has expressly prohibited reproduction of blank documents from within zipForm® in any file format or representation whatsoever, including, but not limited to .pdf, HTML, JavaScript or Cascading Style Sheets, except as expressly permitted in the zipLogix EULA.

46.     At all pertinent times, the zipLogix EULA has expressly provided that the C.A.R. works available through zipForm® are licensed only for use in real estate transactions by real estate professionals licensed and in good standing with the California Bureau of Real Estate and attorneys licensed and in good standing with the California State Bar, that "blank" or "partially blank" C.A.R. forms may not be printed or exported, and that use of C.A.R. works other than as expressly licensed is prohibited.

47.     Each copyrighted C.A.R. work may only be downloaded from zipForm® and used once completed by the licensed user for the user's real estate transaction.

48.     While the licensed zipForm® users may export completed works in PDF format, the PDF versions of the available documents are "locked" by means of a password generated by zipForm® and may not be altered or manipulated outside zipForm®.

49.     Users of zipForm® are also expressly advised when they email a filled out PDF document that the zipLogix EULA "prohibits the modification of documents created by this software in third party applications."

50.     The zipLogix EULA also prohibits the printing, reproducing, or displaying on the Internet any of blank or partially blank documents available through zipForm®.

## The C.A.R. Copyrighted Works

51.     The C.A.R. Library reflects many original and creative copyrighted works, each of which are the product of comprehensive information compiled over years of experience and the profound expertise of C.A.R. concerning the best practices, laws and regulations affecting the business activities of real estate professionals in the State of California.

52.     Plaintiff C.A.R. has applied to the Register of Copyrights and received Certificates of Copyright Registration for multiple business works covering all aspects of the real estate industry.  A true and accurate list of 64 C.A.R. works known to have been infringed by Defendants through the PDFfiller Website, together with the Copyright Registration Numbers, is attached hereto as Exhibit A  (the "Infringed Works").

53.     C.A.R. possesses the exclusive rights under the Copyright Act to own, reproduce, distribute and license the Infringed Works infringed by Defendants.

54.     Each of the Infringed Works bears proper notices of copyright in accordance with 17 U.S.C. §401.

55.     C.A.R. is currently and at all relevant times has been the sole proprietor of all right, title, and interest in and to the foregoing copyrights for each of the Infringed Works.

## The C.A.R. Registered Trademarks

56.     In addition, C.A.R. has registered its name   (California Association of REALTORS®) and logo set forth below with the United States Patent and Trademark Office:



CALIFORNIA ASSOCIATION OF REALTORS

57.     The Certificates of Registration for the Plaintiff's trademarked trade name and logo (the "Infringed Trademarks") are attached hereto as Exhibit B.

58.     The C.A.R. Infringed Trademarks appear on each of the Infringed Works.

59.     C.A.R. is currently and at all relevant times has been the sole proprietor of all right, title, and interest in and to the Infringed Trademarks.

**Defendants Have Engaged in a Systematic and Widespread Counterfeiting Operation**

60.     Through the PDFfiller Website, Defendants allow registered users and subscribers using Defendants' software and services to upload forms and other documents to their accounts on the PDFfiller Website, and to convert the uploaded documents into stock forms in PDF format which may then be "filled out" by the user in a fillable PDF document.

61.     The PDFfiller Website allows the users to save and maintain the electronic forms created from the uploaded content on the PDFfiller Website, to be filled and used by the user over and over again, emailed to any email address, or otherwise exported by the user.

62.     The Defendants have designed and maintained the PDFfiller Website and its software to specifically bypass the password lock on native C.A.R. documents in order to violate C.A.R.'s copyrights by obtaining the documents for use on the PDFfiller Website database and to assist in the infringement committed by PDFfiller subscribers.

63.     The Defendants have also designed and maintained the PDFfiller Website and its software to modify the completed documents exported from the C.A.R. Library by converting a completed, locked file into an unlocked and fillable PDF, maintained as part of the PDFfiller Website user's personal account and the PDFfiller Website database.

64.     Defendants have also created a private database of fillable PDF forms and business documents derived from the documents users have uploaded to the PDFfiller Website and other forms and documents collected and obtained by Defendants.

65.     Defendants market to the general public and sell subscriptions to use the PDFfiller Website and access the PDFfiller database of documents and forms.

66.     PDFfiller's users pay to obtain access and search the database of forms and documents maintained by Defendants, to download forms and documents to their accounts, and to use the PDFfiller Website to create and maintain such documents as fillable PDF's which users can then use, email, download or otherwise export from the PDFfiller Website.

67.     Defendants also sell and pass off the newly created unlocked, reusable, and fillable PDFs maintained as part of the PDFfiller Website's database in form identical to C.A.R. works only made available through zipForm® including all of C.A.R.'s content, trademarked name and logo, and C.A.R.'s copyright designations.

68.     PDFfiller and all Defendants are engaged in counterfeiting by creating and selling fillable PDFs identical to C.A.R. works available only through zipForm®, without permission or authorization to do so.

69.     The Defendants have willfully infringed C.A.R.'s intellectual property rights by obtaining and selling, on the searchable PDFfiller database, numerous copyrighted works from the C.A.R. Library, without authorization.

70.     Defendants in fact market their product and services by boasting, on the linked landing pages on the PDFfiller Website, of the number of times its users have downloaded a particular work, and providing a running total.   As an example, a true and correct copy of the PDFfiller Website page as of May 23, 2016, reflecting the linked landing page for the search

result "car form rpa ca" stating that the "California Residential Purchase Agreement and Joint Escrow Instructions" work has been filled out 89,471 times, is attached as Exhibit C.

71.     Defendants have sold subscriptions to the public and allowed subscribers to access, download and use the Infringed Works many hundreds of thousands of times, and possibly millions of times, without authorization.

72.     Defendants have deliberately targeted actual and potential customers for the Infringed Works by purchasing advertisements keyed to words entered by users of search engines such as Google, including Google "Adwords," where basic searches such as "California Association of Realtors Listing Agreement" place the link to the PDFfiller Website at the top of the search results list reserved for paid advertisers.  As an example, a true and correct copy of the search result on Google (www.google.com) for "California Residential Purchase Agreement" on May 23, 2016 is attached as Exhibit D.

73.     According to its employee's public profile on Linked In, PDFfiller spends as much as $100,000.00 per month on the purchase of Google Adwords in order to attract purchasers to purchase counterfeit business documentation solutions, including counterfeits' of documents from the C.A.R. Library.

74.     Defendants have also engaged in search engine optimization techniques such as making the titles of numerous C.A.R. copyrighted works in the Defendants' database searchable through search engines such as Google, and other optimization techniques, such that links to the PDFfiller Website also appear at the top of the list or near the top of the list of unpaid search results.  As an example, a true and correct copy of the search result for "California Association of Realtors Residential Purchase Agreement" on May 23, 2016 is attached as Exhibit E.

75.     Defendant PDFfiller has over 15 full time employees in Massachusetts dedicated to marketing and selling content including the Infringed Works through search engine optimization, Google and other search engine advertising, website analytics, and other strategic and state of the art techniques for targeting the public, specifically including California real estate licensees and home buyers and sellers – C.A.R.'s prospective customers and its members' prospective clients.

76.     PDFfiller is an enormously busy website which trades in the willful violation of copyrights, including C.A.R.'s, on a massive scale.

77.     Defendant PDFfiller advertises that over 120,000 businesses are using its services and content on the PDFfiller Website.

78.     In addition to business customers, Defendant PDFfiller also allows individuals to pay for and register accounts.

79.     Defendant PDFfiller charges its customers a subscription fee ranging from $6-$15 per month to access and use the PDFfiller Website and database, which has, at all pertinent times, included the Infringed Works.

80.     Defendant PDFfiller has over 40 full time employees located in Ukraine dedicated to writing and maintaining software, website analytics, data mining, and maintaining the operation of the PDFfiller Website and business.   C.A.R.'s Infringed Works wrongfully maintained by Defendants and marketed and sold to the public, and which are the subject of this action, each contain express reference to C.A.R.'s copyright registration by stating "United States copyright law (title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats."

81.     Each of C.A.R.'s Infringed Works wrongfully maintained by Defendants and marketed and sold to the public on the PDFfiller Website, and which are the subject of this action, also contain express reference to the trademarked name and logo of C.A.R. by stating "California Association of REALTORS®, Inc." next to C.A.R.'s logo.

82.     The Defendants have also willfully infringed C.A.R.'s intellectual property rights by:

- enabling and inducing PDFfiller users to upload C.A.R.'s copyrighted works and to create fillable and reusable PDF forms from the uploaded files which are then republished and reused by the users;

- obtaining C.A.R.'s copyrighted works from the uploads of its users for inclusion for the PDFfiller database of documents;

- obtaining C.A.R.'s copyrighted works from other sources;

- republishing the C.A.R. works in their entirety on the PDFfiller searchable database;

- creating and selling unlocked, reusable and fillable PDF forms copied and derived from the C.A.R. works in their entirety on the PDFfiller searchable database;

- marketing, advertising, offering to sell and selling the works from the C.A.R. Library, bearing Plaintiff's trademarked name and logo, to the public through the PDFfiller Website.

**Defendants Brazenly Ignored Cease and Desist Notices and Continue to Sell Counterfeits**

83.     Defendants have received written notice from C.A.R. to cease and desist from further sale and use of the all documents bearing C.A.R.'s copyright notices and C.A.R.'s trademarks, and have failed to remove the Infringed Works and the Infringed Trademarks and have otherwise failed to substantively respond to C.A.R.'s demand and notice.

84.     Although none of the Defendants at any pertinent time qualified under the "safe harbor" provisions of the DMCA, 17 U.S.C §512(c), C.A.R. nevertheless sent notices demanding the "take down" of copyrighted works from the C.A.R. Library in accordance with the DMCA,

and Defendants, to date, have ignored or otherwise failed to remove the Infringed Works from the Defendants' website or advised why the demand to take the works down is improper.

85.     C.A.R. has lost and will continue to lose substantial revenues from Defendants' use and sale of the Infringed Works and use of the Infringed Trademarks, and will sustain damage as a result of Defendants' wrongful conduct and Defendants' reproduction, distribution and sale of the Infringed Works.

86.     As a direct and proximate result of the acts of Defendants alleged above, C.A.R. has already suffered irreparable damage and has been deprived of lost revenues and profits, sustained consumer confusion, and suffered loss of reputation in the industry.

87.     Defendants currently retain the ability and intent to continue their infringing activities, as to which threat Plaintiff has no adequate remedy at law.

88.     This lawsuit is necessary to obtain damages and to stop Defendants from continuously and systematically selling services and subscriptions to their users, and permitting users to improperly republish, access, alter, reuse, download and otherwise reproduce the works from the C.A.R. Library.

89.     Defendants' continuous, systematic, unauthorized possession, use, sale, and reproduction of works from the C.A.R. Library through the PDFfiller Website is willful, and has caused significant harm to C.A.R.'s business and reputation in the real estate community.

90.     C.A.R. seeks all remedies afforded to it by the Copyright Act, the Lanham Act, the DMCA, and the Massachusetts Consumer Protection Act, including statutory damages, actual damages, disgorgement of Defendants' profits, treble damages, injunctive relief against further infringement, and an award of attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

91.     Plaintiff realleges and incorporates by reference paragraphs 1 through 90, above.

92.     At all relevant times, C.A.R. was, and is the owner of the Infringed Works listed in Exhibit A.

93.     Defendants have permitted the unauthorized uploads, used, sold, and reproduced the Infringed Works in violation of Plaintiff C.A.R.'s registered copyrights.

94.     C.A.R. has never granted Defendants any express or implied permission to use its Infringed Works.

95.     Defendants' unauthorized use, sale, and reproduction of the Infringed Works directly infringed C.A.R.'s registered copyrights in violation of 17 U.S.C. §501(a).

96.     C.A.R. has provided notice and demanded the immediate removal of the Infringed Works from Defendants' website.

97.      Defendants have ignored the notice and its infringement actions are otherwise willful and without justification.

98.     Upon information and belief, Yasinovsky and Shakhnovich, as corporate officers of PDFfiller, personally directed, controlled and participated in, and financially benefited from, the willful infringement of the Infringed Works, thus rendering them personally liable for vicariously infringing activities.

99.     Defendants deprived C.A.R. of lawful revenues and profits and reaped benefits from their infringement without compensating C.A.R.

100.    Defendants also facilitated, encouraged, benefitted financially from and had the ability to control the infringements committed by others accessing the PDFfiller Website.

101.    Defendants have induced and facilitated third parties to violate the zipLogix EULA by allowing such parties to upload and use C.A.R.'s works.

102.    Defendants are liable as contributory infringers by inducing and encouraging users of the PDFfiller Website to upload the Infringed Works and to create new, unlocked, reusable, fillable PDF forms using Defendants' services and software.

103.    Defendants are also liable as vicarious infringers, as Defendants profit from the direct infringement of PDFfiller's users by collecting subscription fees from the users and by adding the Infringed Works to the PDFfiller database and advertising and reselling the Infringed Works.

104.    Plaintiff is further entitled to recover from Defendants damages it has sustained and will sustain, including statutory damages, actual damages, and attorneys' fees, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above.

105.    At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, such that Plaintiff demands an Accounting from Defendants.

106.    Plaintiff is entitled to statutory damages in the amount of $30,000 for each of the 64 Infringed Works which have been infringed under 17 U.S.C. §504(c)(1), or up to $150,000 for each of the 64 Infringed Works given the willfulness of the Defendants' violations.

107.    C.A.R. is also entitled to recover attorney's fees and costs under 17 U.S.C. §505.

108.    Defendants retain the ability and intent to continue their infringing activities, as to which threat Plaintiff has no adequate remedy at law, unless Defendants, their officers, agents, employees, and all persons acting in concert with them, should be enjoined under 17 U.S.C. §§ 502 and 503 from the unauthorized use and sale of C.A.R.'s Infringed Works.

WHEREFORE, C.A.R. prays for judgment in its favor and against Defendants as follows:

    a.       For an Accounting;

    b.       For a money judgment against Defendants, at C.A.R.'s election, on statutory damages of at least $9,600,000.00 or, in the alternative, actual damages and lost profits;

    c.       For an injunction against all further infringement that Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined preliminarily and permanently, directly or indirectly, from:

- using, selling, converting, reproducing, storing, possessing, leasing, licensing or otherwise infringing on any of C.A.R.'s current and future copyrighted works and registered trademarks;

- continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from C.A.R. or using the names or titles of C.A.R. works or trade name;

- allowing users to upload, store or maintain any of C.A.R.'s current and future copyrighted works in connection with any account or storage device or system or to participate or assist in any such activity; and

- any further circumvention of technological measures employed directly or indirectly by C.A.R. to protect its copyrighted works and works bearing its trademarks.

    d.       For an Order requiring Defendants to pay for the mailing and emailing of notice, as provided by C.A.R. and as approved by the Court, to all PDFfiller users whom have downloaded, uploaded or accessed the C.A.R. works on the PDFfiller Website, that uploading, saving, downloading, possessing and using copyrighted C.A.R. works other than through zipForm® is a violation of C.A.R.'s copyright and trademark rights.

    e.       For an award of attorneys' fees and costs;

    f.       For an award of pre-judgment and post-judgment interest;

g.      For such other and further relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement)

109.    Plaintiff realleges and incorporates by reference paragraphs 1 through 108 above.

110.    By its actions alleged above, Defendants have infringed and will continue to infringe the Infringed Trademarks by using, selling, and reproducing C.A.R.'s business solution products bearing the Infringed Trademarks.

111.    Defendants' unauthorized use, sale, marketing, advertising and reproduction of documents bearing the Infringed Trademarks constitutes trademark infringement and is likely to and has caused consumer confusion, mistake, or deception by falsely suggesting that C.A.R. approved, sponsored, endorsed, or authorized the availability of the Infringed Works through PDFfiller.com and approved the propriety of the outdated documents sold on PDFfiller.com.

112.    The unauthorized trafficking, sale, and use of documents bearing the Infringed Trademarks is likely to cause consumer confusion, mistake, or deception by falsely suggesting that C.A.R. approved, sponsored, endorsed, or authorized the documents available through the PDFfiller Website, in violation of 15 U.S.C. §1125(a)(1).

113.    Defendants' creation and sale of fillable PDF documents identical to C.A.R.'s works available only through zipForm® and bearing C.A.R.'s trademarked name and logo is counterfeiting in violation of 15 U.S.C. §1114(1) and subjects Defendants to statutory damages under 15 U.S.C. §1117(c).

114.    Defendants have improperly marketed Defendants' products and services, including by boasting on the PDFfiller Website the number of times its users have downloaded the Infringed Works and providing a running total.

115.    Defendants have embedded and published C.A.R.'s trademarked name on their website pages for advertising purposes in order to obtain traffic and search results intended for the genuine C.A.R. works.

116.    Defendants have deliberately targeted actual and potential customers of C.A.R. by purchasing on-line advertisements keyed to words associated with C.A.R. and its trade name.  In addition, many of the documents available on PDFfiller.com bearing the Infringed Trademarks are outdated and have been revised and updated to reflect legal or regulatory updates, to meet the needs of C.A.R. members, and to ensure best practices.

117.    By permitting the upload, use, sale, and reproduction of outdated works from the C.A.R. Library on Defendants' website, Defendants have damaged the integrity of C.A.R.'s product line, its name, and its reputation in the industry.

118.    Defendants' actions are willful and deliberate as they are selling and creating documents using C.A.R.'s registered name and logo, and were therefore expressly aware that the name and logo were registered trademarks.

119.    Defendants' actions are willful and deliberate as they have received and ignored C.A.R.'s cease and desist notice informing them of the willful violations.

120.    Upon information and belief, Yasinovsky and Shakhnovich, as corporate officers of PDFfiller, personally directed, participated in, controlled, and financially benefited from, the willful infringement of C.A.R.'s registered name and logo, thus rendering them personally liable for the infringing activities.

121.    Defendants' activities have caused and are continuing to cause irreparable injury to Plaintiff and the goodwill Plaintiff has established in its name and product over the years and will continue unless Defendants, their officers, agents, employees, and all persons acting in

concert with them, are enjoined from the unauthorized use and sale of the documents bearing C.A.R.'s registered name and logo in violation of the Lanham Act, 15 U.S.C. §1114 et seq.

122.    Plaintiff is further entitled to recover from Defendants damages it has sustained and will sustain, including actual damages for lost profits, statutory damages, and attorneys' fees, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above.

123.    At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, such that an Accounting is demanded from Defendants.

124.    Plaintiff is entitled to at least statutory damages in the amount of $200,000 for each of the at least 64 acts of infringement or up to $2,000,000 per act of infringement for counterfeit use and willful infringement of C.A.R.'s registered trademark and logo, under 15 U.S.C. §1117(c)(1).

WHEREFORE, C.A.R. prays for judgment in its favor and against Defendants as follows:

a.    For an Accounting;

b.    For a money judgment against Defendants, at C.A.R.'s election, on statutory damages of at least $128,000,000.00 or, in the alternative, actual damages and profits;

c.    For an injunction against all further infringement that Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined preliminarily and permanently, directly or indirectly, from:

- using, selling, converting, reproducing, storing, possessing, leasing, licensing or otherwise infringing on any of C.A.R.'s current and future registered trademarks or any works bearing C.A.R.'s name or logo, or to participate or assist in any such activity;

- continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture using the names or titles of C.A.R works or trade name;

- allowing users to upload, store or maintain any of C.A.R.'s current and future copyrighted works in connection with any account or storage device or system or to participate or assist in any such activity; and

- any further circumvention of technological measures employed directly or indirectly by C.A.R. to protect its copyrighted works and works bearing its trademarks.

d. For an award of pre-judgment and post-judgment interest;

e. For an award of attorneys' fees and costs;

f. For such other and further relief as the Court may deem just and proper.

## THIRD CLAIM FOR RELIEF
### (Violation of the Digital Millennium Copyright Act)

125. Plaintiff realleges and incorporates by reference paragraphs 1 through 124 above as if set forth in full herein.

126. Defendants' website, www.pdffiller.com, is a provider of online services.

127. C.A.R. strictly limits access to works from the C.A.R. Library through zipForm® to licensed and registered users, subject to the zipLogix EULA, and protects completed works from alteration at least in part via technological measures including, without limitation, the password on all completed documents exported from zipForm®.

128. Defendants, through their website, have circumvented such technological measures and facilitated and encouraged the infringement of the Infringed Works by providing a platform for customers to upload and alter, and for Defendants to benefit from, the illegal use, sale, and reproduction of the Infringed Works, in violation of 17 U.S.C. §1201(a).

129. Defendants' conduct caused and will continue to cause damage to C.A.R., and has and will continue to unjustly enrich Defendants in an amount to be proven at trial.

130.    C.A.R.'s remedy at law is inadequate, and unless restrained by this Court, Defendants will continue to violate the DMCA.

131.    Complete protection of C.A.R.'s rights should include an injunction, an equitable accounting of profits, as well as all other remedies available.

132.    Plaintiff is entitled to recover from Defendants damages it has sustained and will sustain as a result of Defendants' actions alleged above, including statutory damages, actual damages, costs, and attorneys' fees, and any additional profits of Defendants attributable to their conduct.

133.    At present, the amount of such damages cannot be fully ascertained by Plaintiff, such that an Accounting is demanded of Defendants.

134.    Plaintiff is entitled to at least statutory damages in the amount of up to $2,500 per act of circumvention.

135.    Defendants retain the ability and intent to continue circumventing the technological measures protecting C.A.R.'s copyrighted works, as to which threat Plaintiff has no adequate remedy at law unless Defendants, their officers, agents, employees, and all persons acting in concert with them are enjoined under 17 U.S.C. §1203(b)(1) from circumventing such technological measures.

WHEREFORE, C.A.R. prays for judgment in its favor and against Defendants as follows:

a.      For an Accounting;

b.      For a money judgment against Defendants, at C.A.R.'s election, on statutory damages for each act of circumvention or, in the alternative, actual damages and profits;

c.      For an award of statutory damages based on willful infringement;

     d.     For an injunction against all further infringement that Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined preliminarily and permanently, directly or indirectly, from:

- using, selling, converting, reproducing, storing, possessing, leasing, licensing or otherwise infringing on any of C.A.R.'s current and future copyrighted works and registered trademarks;

- continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from C.A.R. or using the names or titles of C.A.R. works or trade name;

- allowing users to upload, store or maintain any of C.A.R.'s current and future copyrighted works in connection with any account or storage device or system or to participate or assist in any such activity; and

- any further circumvention of technological measures employed directly or indirectly by C.A.R. to protect its copyrighted works and works bearing its trademarks.

     e.     For an award of pre-judgment and post-judgment interest;

     f.     For an award of  attorneys' fees and costs;

     g.     For such other and further relief as the Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF
### (M.G.L. c. 93A §§2, 11)

136.     Plaintiff realleges and incorporates by reference paragraphs 1 through 135 above as if set forth in full herein.

137.     Plaintiff C.A.R. is engaged in trade and commerce.

138.     Defendants are engaged in trade and commerce in the Commonwealth of Massachusetts through their use and sale of C.A.R.'s works on their website, www.pdffiller.com.

139.     Defendants have engaged in unfair and deceptive practices under M.G.L. c. 93A §§2 and 11 by illegally obtaining, selling, using and reproducing C.A.R.'s copyrighted works without express or implied permission, using Plaintiff's registered trademark in the process.  In

doing so, Defendants have caused, and will continue to cause confusion to consumers and buyers by falsely suggesting that C.A.R. has endorsed, sponsored, permitted or otherwise supported Defendants' sale of works from the C.A.R. Library on Defendants' website.

140.   Defendants have deliberately purchased internet search term advertising and engaged in search engine optimization techniques to target persons searching for C.A.R. works, to misdirect them to PDFfiller.com.

141.   Plaintiff has suffered, and continues to suffer harm primarily and substantially within the Commonwealth of Massachusetts, where, upon information and belief, Defendants have been operating their website.

142.   Plaintiff has sent a demand letter notifying Defendants of their continuing violations and Defendants have failed to cease their rampant infringing activities.

143.   Defendants' unlawful and deceptive activities are deliberate, willful, and knowing, which entitles Plaintiff to treble damages, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

a.     An Accounting;

b.     For an award of pre-judgment and post-judgment interest;

c.     For a money judgment against Defendants, including treble damages;

d.     For C.A.R.'s costs of this action, including C.A.R.'s reasonable attorneys' fees incurred in this action;

e.     For an injunction against all further infringement that Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined preliminarily and permanently, directly or indirectly, from:

- using, selling, converting, reproducing, storing, possessing, leasing, licensing or otherwise infringing on any of C.A.R.'s current and future copyrighted works and registered trademarks;

- continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from C.A.R. or using the names or titles of C.A.R. works or trade name;

- allowing users to upload, store or maintain any of C.A.R.'s current and future copyrighted works in connection with any account or storage device or system or to participate or assist in any such activity; and

- any further circumvention of technological measures employed directly or indirectly by C.A.R. to protect its copyrighted works and works bearing its trademarks.

f.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff California Association of REALTORS, Inc. hereby demands a jury by trial on all issues triable.

Respectfully submitted,

Dated: June 2, 2016                        CALIFORNIA ASSOCIATION OF
                                           REALTORS, INC.

                                           By its Attorneys,


                                            /s/ William M. Gantz
                                           William M. Gantz (BBO # 568429)
                                           Tony K. Lu (BBO # 678791)
                                           DENTONS US LLP
                                           101 Federal Street, Suite 2750
                                           Boston, MA 02110
                                           617-235-6800 (tel)
                                           617-235-6899 (fax)
                                           Bill.gantz@dentons.com
                                           Tony.lu@dentons.com

96368331