**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF REALTORS, INC.,<br>　　　Plaintiff,<br><br>　v.<br><br>PDFFILLER, INC., VADIM YASINOVSKY, and BORIS SHAKHNOVICH,<br>　　　Defendants.<br><br>PDFFILLER, INC.<br>　　　Counterclaim/Third-Party Plaintiff,<br><br>　v.<br><br>CALIFORNIA ASSOCIATION OF REALTORS, INC.<br>　　　Counterclaim-Defendant,<br><br>　and<br><br>REAL ESTATE BUSINESS SERVICES, INC. *and* RE FORMSNET LLC *d/b/a* ZIPLOGIX, LLC,<br>　　　Third-Party Defendants. | Civil Action<br>No. 1:16-cv-11021-IT |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**<u>PLAINTIFF'S CROSS-MOTION FOR PROTECTIVE ORDER</u>**

Michael G. Strapp (BBO #653884)
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA  02110-1447
Telephone:  617.406.6031
Facsimile:  617.406.6100
michael.strapp@dlapiper.com
*Attorneys for Defendants and*
*Counterclaim/Third-Party Plaintiff*

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

III. ARGUMENT ......................................................................................................................... 1

    A.    The Pending Motion to Dismiss Does Not Provide a Valid Basis for CAR's Requested Protective Order. ....................................................................... 1

    B.    The *Twombly* Line of Cases Does Not Support CAR's Position That a Special Rule Exists for Antitrust Claims. ................................................................ 3

        **i.**    Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) .............................. 3

        **ii.**    Post-*Twombly* Cases ................................................................................. 5

    C.    The Requested Discovery Is Not Unduly Burdensome. ........................................ 7

IV. CONCLUSION ...................................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**

*Acevedo-Villalobos v. Hernandez*,
     22 F.3d 384 (1st Cir. 1994) ............................................................................................ 5-6

*Bell Atlantic Corp. v. Twombly*,
     550 U.S. 544 (2007) .................................................................................................. passim

*Broad. Music Inc. v. Hampton Beach Casino Ballroom Inc.*,
     No. CV-94-248-B, 1995 WL 803576 (D.N.H. Aug. 30, 1995) ....................................... 2

*C.f. Rutman Wine Co. v. E & J Gallo Winery*,
     829 F.2d 729 (9th Cir. 1987) .............................................................................................. 6

*Car Carriers v. Ford Motor Co.*,
     745 F.2d 1101 (7th Cir. 1984) ............................................................................................ 6

*DSC Comm's Corp. v. DGI Techs., Inc.*,
     81 F.3d 597 (5th Cir. 1996) ................................................................................................ 2

*DSM DesoTech Inc. v. 3d Sys. Corp.*,
     2008 WL 4812440 (N.D. Ill. 2008) .................................................................................... 5

*Dynamic Image v. United States*,
     221 F.3d 34 (1st Cir. 2000) ........................................................................................... 6, 7

*Garcia-Goyco v. Law Envtl. Consultants, Inc.*,
     428 F.3d 14 (1st Cir. 2005) ................................................................................................ 2

*Hahn v. Star Bank*,
     190 F.3d 708 (6th Cir. 1999) .............................................................................................. 6

*In re Graphics Processing*,
     No. C 06-07417 WHA, 2007 WL 2127577 (N.D. Cal. 2007) ........................................ 6

*Lasercomb Am., Inc. v. Reynolds*,
     911 F.2d 970 (4th Cir. 1990) .............................................................................................. 2

*Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*,
     121 F.3d 516 (9th Cir. 1997), *amended by* 133 F.3d 1140 (9th Cir. 1998) .................. 2

*Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory*,
     689 F.3d 29 (1st Cir. 2012) ................................................................................................ 2

*Yuhasz v. Brush Wellman*,
     341 F.3d 559 (6th Cir. 2003) .............................................................................................. 6

# I.  INTRODUCTION

Defendant PDFfiller, Inc. ("PDFfiller") submits this opposition to the cross-motion for protective order (Dkt. 154-57; the "motion" or "Mot.") filed by plaintiff California Association of Realtors, Inc. ("CAR").

The sole basis for CAR's motion for a protective order is the pendency of its own motion to dismiss PDFfiller's antitrust counterclaims. But CAR's pending motion to dismiss antitrust counterclaims cannot justify CAR's refusal to provide discovery, especially because CAR has not moved to dismiss PDFfiller's defenses of copyright and trademark misuse. Those defenses are part of PDFfiller's case-in-chief, regardless of how the Court rules on the motion to dismiss PDFfiller's antitrust counterclaims. Because the discovery PDFfiller seeks is relevant to those defenses in the case-in-chief, this dispute is "a different question" altogether than if the motion for a protective order had related solely to "a distinct . . . area of discovery." *See* Conference of May 19, 2017 (Tr. 10-11). None of the authority CAR cites in its protective order motion suggests otherwise.

## II.    ARGUMENT

**A. The Pending Motion to Dismiss Does Not Provide a Valid Basis for CAR's Requested Protective Order.**

The sole basis for CAR's motion for a protective order is the pendency of CAR's motion to dismiss PDFfiller's antitrust counterclaims. But CAR has not moved to dismiss PDFfiller's defenses of copyright misuse and trademark misuse. Those defenses are part of the case-in-chief. *See* 2d Am. Answer, p. 17 (Dkt. 100). Regardless of the outcome of the pending motion to dismiss PDFfiller's antitrust counterclaims, the discovery sought by PDFfiller is relevant to its copyright and trademark misuse defenses. *See* PDFfiller's Mot. to Compel (Dkt. 138-140).

CAR argues that the First Circuit "has not yet recognized misuse of a copyright as a defense to infringement." *See* Mot. 11 (Dkt. 155) (citing *Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29, 65 (1st Cir. 2012)). But in the *Gregory* case cited by CAR, the First Circuit merely found that "if we were to follow the lead of other circuits that have recognized a copyright misuse defense, . . . this case certainly would not be the appropriate vehicle," because the "copyright misuse defense" in that case was "waived" as a result of having "never before so much as breathed an appearance" in the record. *Gregory*, 689 F.3d at 65. Meanwhile, district courts within this Circuit have, in fact, applied the defense. *See, e.g.*, *Broad. Music Inc. v. Hampton Beach Casino Ballroom Inc.*, No. CV-94-248-B, 1995 WL 803576, at *5-6 (D.N.H. Aug. 30, 1995) (considering the defense, finding that defendant offered "insufficient evidence" to succeed on it); *Garcia-Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14, 21 (1st Cir. 2005) ("We understand the district court to have held that fees were justified because (1) the plaintiffs misused the copyright . . .").[1]

There is also no merit to CAR's arguments that PDFfiller's copyright and trademark misuse claims lack "any factual basis," and that PDFfiller is only seeking "to obtain premature antitrust discovery by affixing a different label to its antitrust claims." *See* Mot. 11-12; *see also* Mot. 1, 6 (suggesting that the discovery sought is "only relevant to PDFfiller's antitrust counterclaims" and "solely to its antitrust claims"). For example, PDFfiller's trademark misuse defense is based on the facts that CAR: (a) was using the ® sign before it had registered for a trademark; and (b) has been involved in over "500 enforcement actions" in just the past five years, and countless more in the years prior—including, potentially, before CAR had even

---

[1] Other Circuits have adopted copyright misuse as a defense to copyright infringement. *See, e.g.*, *Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*, 121 F.3d 516, 521 (9th Cir. 1997), *amended by* 133 F.3d 1140 (9th Cir. 1998); *DSC Comm's Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 601 (5th Cir. 1996); *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 972 (4th Cir. 1990).

registered for a trademark.  *See* Mot. 10 (Dkt. 155); Lue Decl. ¶ 6 (Dkt. 156).  Similarly, with respect to PDFfiller's copyright misuse defense, even CAR recognizes that "a party seeking to establish the defense of copyright misuse" can establish it not only by "proving [] a violation of the antitrust laws," but also by proving "that [the copyright owner] otherwise illegally extended its monopoly or violated the public policies underlying the copyright laws." *See* Mot. 11 (Dkt. 155) (brackets in original).

    **B. The *Twombly* Line of Cases Does Not Support CAR's Position That a Special Rule Exists for Antitrust Claims.**

CAR cites *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and a handful of post-*Twombly* cases, to support its argument that discovery in antitrust cases should be stayed pending a motion to dismiss.  *See* Mot. 1, 5-6 (Dkt. 155).  However, none of the cases that CAR cites support this argument.

                i.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Twombly* does not stand for the proposition that an antitrust defendant can stay discovery by filing a motion to dismiss.  The passage in *Twombly* cited by CAR merely considers the "practical significance" of what was the real issue in the case:  the pleading standard.  *Twombly*, 550 U.S. at 557-58.  The Supreme Court was concerned in particular in *Twombly* with two practical elements concerning that standard, neither of which are relevant here.

First, the *Twombly* court was concerned with the possibility that "a plaintiff with a largely groundless claim [would] be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value."  *Id*. (internal citations omitted).  "That potential" was "obvious enough" in *Twombly* (*id*. at 559) because in *Twombly* the "plaintiffs represent a putative class of at least 90 percent of all subscribers to local telephone or high-speed Internet service in the continental United States, in an action against

America's largest telecommunications firms (with many thousands of employees generating reams and gigabytes of business records) for unspecified (if any) instances of antitrust violations that allegedly occurred over a period of seven years." *Id*. The defendants were: BellSouth Corp.; Qwest Communications Int'l, Inc.; SBC Communications, Inc.; and Verizon Communications, Inc. *Id*. at 551, n.1.

In contrast to *Twombly*, this case involves one corporate plaintiff and one small corporate defendant (including two of its principals). There is no potential for *in terrorem* abuse here. If anything, the potential for abuse cuts the other way because while PDFfiller is a small technology company, CAR is a bureaucratized, massive organization of "170,000 members" (*see* Compl. ¶¶ 7, 23), and has utilized its vast resources to engage in "document dumping" and unnecessary motion practice as part of an overall strategy of attrition against PDFfiller. *See* PDFfiller's Mot. to Compel, Memo. of Law (Dkt. 139); *see also* Deficiency Letter of May 4, 2017, and Post-Meet-and-Confer Letter of May 9, 2017 (Dkt. 140-3).

Second, the *Twombly* court was also concerned with implausibly pled complaints. The *Twombly* court noted that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id*. at 558. PDFfiller's counterclaims certainly satisfy that threshold. The antitrust aspect is key to understanding how. *Twombly* was a conspiracy claim. The *Twombly* plaintiffs alleged that the various ILECs (incumbent local exchange carriers) agreed with each other to exclude the CLECs (competitive local exchange carriers) from the market. What the *Twombly* decision established is that if antitrust conspiracy allegations do nothing more than allege parallel conduct, those allegations are not enough to withstand a motion to dismiss. *Id*. at 556-58.

4

That principle has nothing to do with this case. PDFfiller's counterclaim is not a conspiracy claim; it is a claim under Section 2 of the Sherman Act, not Section 1, concerning unilateral conduct. The Counter-Defendants are part of the same enterprise and under common control. *See* Counterclaims (Dkt. 100). Counter-Defendants are subsidiary or sister entities, so they are a single actor for antitrust purposes. *Id.* Here, it is uncontested that CAR ties EFRE to PTM software, and PDFfiller further alleges that they have a 90% market share. *Id.* CAR may disagree with the facts that PDFfiller alleges, but if what PDFfiller alleges is true, then PDFfiller has a claim sufficiently well pled to withstand a motion to dismiss.

ii. Post-*Twombly* Cases

None of the post-*Twombly* antitrust cases cited by CAR support CAR's argument that a motion to dismiss antitrust automatically claims stays discovery. In fact, the court in *DSM*, one case cited by CAR, expressly noted that "the hefty costs associated with antitrust discovery is not . . . tantamount to an automatic prohibition on discovery in every antitrust case where defendants challenge the sufficiency of the complaint." *See DSM DesoTech Inc. v. 3d Sys. Corp.*, 2008 WL 4812440, at *3 (N.D. Ill. 2008) (stay of discovery granted where plaintiffs made enormously broad requests for "every 3D Systems sales contract for four different 3D Systems stereolithography machines; every sales and marketing document for all 3D Systems stereolithography machines; large categories of third-party contracts; technical designs, manufacturing drawings, and test results; complex financial records and reports; vast amounts of customer data, including every piece of communication with customers and potential customers," over an eight-year period).

CAR's reliance on *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384 (1st Cir. 1994) is also misplaced. *See* Mot. 5 (Dkt. 155). There the First Circuit found that it lacked jurisdiction over

the appeal of a motion to stay, and did not even reach the merits of the District of Puerto Rico's decision to suspend discovery. *See Acevedo-Villalobos*, 22 F.3d at 389 n.7.

Other cases cited by CAR are distinguishable as having suspended discovery on grounds that are not applicable to the case at hand. In *Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999) and *Dynamic Image v. United States*, 221 F.3d 34 (1st Cir. 2000), for example, the Sixth and First Circuits each stayed discovery because the party opposing the motion to stay did not timely contest the motion. In *In re Graphics Processing*, No. C 06-07417 WHA, 2007 WL 2127577 (N.D. Cal. 2007), the Northern District of California found that both sides had agreed to a "leisurely briefing schedule on the motion to dismiss," which precluded either party from "capitaliz[ing] on that schedule to advance or to delay discovery." *Id*. at *5.

CAR also relies on inapposite cases where courts suspended discovery due to a lack of specificity or plausibility in antitrust pleadings. In *Yuhasz v. Brush Wellman*, 341 F.3d 559, 564 (6th Cir. 2003), the plaintiff used ambiguous language in its pleadings (including phrases such as "certain testing" and "may have been mismarked"), which rendered its claims insufficiently pled. Other cases CAR cites include instances where the plaintiff failed to allege the requisite elements of an antitrust claim, including the intent to monopolize. *C.f. Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 732 (9th Cir. 1987) ("Since essential elements of claims . . . are missing from appellant's third effort to state such claims, the district court's dismissal . . . is affirmed."); *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) ("When the requisite elements are lacking, the costs of modern federal antitrust litigation and the increasing caseload of the federal counsel against sending parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events in the complaint.").

Finally, CAR relies on a case in which the First Circuit refused to grant additional discovery because the requesting party had not "developed argumentation as to how additional discovery might advance their cause." *Dynamic Image v. United States*, 221 F.3d 34, 38 (1st Cir. 2000). Here, PDFfiller's motion to compel sets forth in detail exactly how the discovery PDFfiller seeks is indispensable both to its case-in-chief, including its defenses of copyright and trademark misuse, and to its antitrust counterclaims. *See* Dkt. 138-140.

### C. The Requested Discovery Is Not Unduly Burdensome.

CAR's contention that the discovery PDFfiller seeks "would impose undue burden" on CAR (*see* Mot. 16-17 (Dkt. 155)) is belied by CAR's admission that it has not even "determined if it possess responsive documents." *See* Lue Decl. ¶ 4 (Dkt. 156). By CAR's own admission, it would only have taken only a matter of days to produce the documents requested by PDFfiller. *See* Lue Decl. ¶ 4-6 (Dkt. 156). CAR cannot credibly claim that responding to PDFfiller's would be unduly burdensome.

### III. CONCLUSION

For the foregoing reasons, PDFfiller respectfully requests that the Court deny CAR's cross-motion for protective order.

Dated: June 26, 2017

Respectfully submitted,

*/s/ Michael G. Strapp*
Michael G. Strapp (BBO #653884)
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: 617.406.6031
Facsimile: 617.406.6100
michael.strapp@dlapiper.com

Paolo Morante (admitted *pro hac vice*)
paolo.morante@dlapiper.com

        Peter J. Couto (admitted *pro hac vice*)
        peter.couto@dlapiper.com
        Adam I. Steene (admitted *pro hac vice*)
        adam.steene@dlapiper.com
        **DLA Piper LLP (US)**
        1251 Avenue of the Americas, 27th Floor
        New York, NY  10020-1104
        Telephone:  212.335.4500
        Facsimile:  212-335-4501

        *Attorneys for Defendants and*
        *Counterclaim/Third-Party Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on June 26, 2017.

/s/ *Michael G. Strapp*
Michael G. Strapp