UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF REALTORS®, INC., <br><br> Plaintiff, <br><br> v. <br><br> PDFFILLER, INC., VADIM YASINOVSKY, and BORIS SHAKHNOVICH, <br><br> Defendants. <br><br> PDFFILLER, INC., <br><br> Counterclaim/Third-Party Plaintiff, <br><br> v. <br><br> CALIFORNIA ASSOCIATION OF REALTORS®, INC., <br><br> Counterclaim-Defendant, <br><br> and <br><br> REAL ESTATE BUSINESS SERVICES, INC. and RE FORMSNET, LLC d/b/a ZIPLOGIX™, <br><br> Third-Party Defendants. | CIVIL ACTION <br> NO. 16-cv-11021-IT/MBB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION TO COMPEL DEFENDANT'S ANSWER TO INTERROGATORY NO. 10**

Plaintiff, California Association of Realtors®, Inc. ("C.A.R."), moves for an order compelling defendant PDFfiller, Inc. ("PDFfiller") to answer C.A.R.'s Interrogatory No. 10. PDFfiller refuses to answer any of C.A.R.'s interrogatories, offering nonresponsive answers to a handful of C.A.R.'s interrogatories while counting as "discrete subparts" portions of interrogatories (including "subparts" PDFfiller refused to answer) even though those interrogatories do not seek information about "discrete separate subjects." Even if C.A.R. has served more than 25 interrogatories, the Court should give C.A.R. leave to obtain the information it seeks through Interrogatory No. 10.

## BACKGROUND

C.A.R. filed its Complaint on June 2, 2016.  (Dkt. #1).  PDFfiller answered the Complaint on August 8, 2017; in that answer, PDFfiller asserted 28 "affirmative and additional defenses" without stating the factual basis for any of those defenses.  (Dkt. #30).  PDFfiller filed a First Amended Answer and Counterclaims on August 22, 2017, asserting the same 28 "affirmative and additional defenses" without stating the factual basis for any of those defenses. (Dkt. #32).   C.A.R. moved to dismiss PDFfiller's antitrust counterclaims in November 2016 (Dkt. #74); rather than try to oppose that motion, PDFfiller filed a Second Amended Answer and Counterclaims on February 3, 2017, again asserting the same 28 "affirmative and additional defenses" without stating the factual basis for any of those defenses.  (Dkt. #100).

C.A.R. served its first set of discovery requests on PDFfiller on March 17, 2017.  (Dkt. #132) (Schillinger Decl., ¶¶ 3-4, Exs. B-C).   PDFfiller responded on April 17, 2017 with responses to document requests that asserted boilerplate objections and failed to disclose whether PDFfiller was withholding documents based on those objections; a production of only 62 documents, with no indication as to whether or when PDFfiller would complete its production of documents; and answers to interrogatories that asserted boilerplate objections and were unverified.  (*Id*., ¶ 5).  Three days later, only after prodding from counsel for C.A.R., PDFfiller served a verified answer to interrogatories.  (*Id*., ¶ 7, Ex. E).  For the reasons detailed in C.A.R.'s memorandum in support of its motion to compel discovery responses, PDFfiller's document production and interrogatory responses were woefully insufficient.  (Dkt. #131).

On May 26, 2017, PDFfiller made a second production of documents.  (Dkt. #151) (Shakhnovich Decl., ¶ 4).  In that production, PDFfiller provided "cover pages that represents data used to dynamically generate landing pages," and "forms available at third-party sites to

which landing pages link and included documents from those third party sites in its document production." (*Id*.)  In other words, PDFfiller selectively provided limited information from its electronically stored information in the "cover pages," and produced documents from third-party websites not actually within its possession, custody, or control, but withheld critical information that actually was within PDFfiller's possession, custody, or control: the uniform resource locators (URLs) -- i.e. the webpage addresses -- for the supposed "third-party sites" where PDFfiller claimed to have found these documents.

On June 1, 2017, C.A.R. served Interrogatory No. 10 seeking information concerning the production made by PDFfiller, including the identity of the person who collected the documents produced by PDFfiller and the URLs from which each document was collected. (Bigelow Decl., ¶ 2, Ex. A).  On June 30, 2017, PDFfiller served its objection to C.A.R.'s Interrogatory No. 10, claiming that C.A.R. had exceeded the "25-interrogatory limit." (Bigelow Decl., ¶ 3, Ex. B). PDFfiller likewise argued in its opposition to C.A.R.'s motion to compel that C.A.R.'s interrogatory seeking the factual basis for PDFfiller's affirmative defenses (Interrogatory No. 9) "exceeds the 25-interrogatory limit set forth in Local Rule 26.1(c)" and stated that "[t]he parties have conferred about this issue in good faith, and have not come to a resolution." (Dkt. #149). This issue, like PDFfiller's refusal to answer in any meaningful way all of C.A.R.'s other interrogatories, is therefore ripe for review.

## ARGUMENT

As required by LR 37.1(b)(4), C.A.R. sets forth below Interrogatory No. 10, PDFfiller's response, and a statement of C.A.R.'s position as to the contested issue:

> **Interrogatory No. 10:**   Identify the person or persons who collected the documents You produced in this action on May 26, 2017 bearing the Bates Numbers PDFF000295-105046, and the uniform resource locator (URL) from which each document was collected.

3

**Response:**    PDFfiller objects to this Interrogatory as exceeding the 25-interrogatory limit set forth in Fed. R. Civ. P. 33(a) and Local Rule 26.1(c). CAR's first set of interrogatories asserts more than 50 interrogatories, including discrete subparts that are counted as separate interrogatories pursuant to the Federal and Local Rules. *See* PDFfiller's Second Amended Responses to CAR's First Set of Interrogatories (incorporated by reference as if fully set forth herein). Interrogatory Nos. 1 through 8 constitute 23 separate interrogatories; and Interrogatory No. 9, in and of itself, calls for PDFfiller to "[s]tate the basis or bases for each" of the 28 "'Affirmative and Additional Defenses' asserted in [PDFfiller's] Answer," and therefore constitutes 28 separate interrogatories. *Id*. CAR's first set of interrogatories thus exceeds the 25-interrogatory limit. Likewise, this Interrogatory continues to exceed the limit, as will any additional interrogatories that CAR may purport to serve on PDFfiller going forward. PDFfiller further objects to this Interrogatory as compound, and will treat it as two separate Interrogatories. PDFfiller will withhold any responsive, non-privileged information on the basis of the foregoing objections, unless CAR narrows the scope of the Interrogatories to comply with the applicable Federal and Local Rules, and the Orders of this Court. Counsel have met and conferred on this issue, but have not been able to resolve it.

PDFfiller objects to this Interrogatory as unduly burdensome and as seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, to the extent it calls for PDFfiller to provide URLs for the thousands of documents specified in the Interrogatory, and PDFfiller intends to withhold any non-privileged information responsive to that portion of the Interrogatory on the basis of this objection.

Nothing herein shall be deemed a waiver of any kind, and PDFfiller reserves the right to assert other or additional objections to this Interrogatory, and each of its subparts.

**Statement of C.A.R.'s Position.**  By its own admission, at least half of the documents produced by PDFfiller on May 26, 2017 were documents that are not in PDFfiller's possession, custody, or control, but rather, were downloaded by PDFfiller from third party websites "to which [PDFfiller] landing pages link."  (Dkt. #141) (Shakhnovich Decl., ¶ 4).[1]  The "cover pages" produced by PDFfiller selectively provided limited information from PDFfiller's

---

[1]  Although it admits that it does not keep these documents in the usual course of business, PDFfiller also refuses to comply with the requirement of Rule 34(b)(2)(E)(i) that a party producing such documents "organize and label them to correspond to the categories in the request."  C.A.R. requests that Court order PDFfiller to comply with this requirement for the entirety of its document productions.

4

electronically stored information, but failed to disclose the URLs of the third party websites to which [PDFfiller] landing pages link." These URLs are central to C.A.R.'s copyright infringement claims because these URLs are where -- according to PDFfiller -- any illegal copies of C.A.R. forms are maintained.

"Document" is defined broadly under Local Rule 26.5 to be synonymous with Fed. R. Civ. P. 34(a), which includes any "electronically stored information" such as "data or data compilations." At a minimum, PDFfiller should have produced these URLs with its "cover pages" in response to C.A.R.'s document requests, since these URLs are the addresses to which PDFfiller "landing pages link" and are the electronically stored information actually in PDFfiller's possession, custody, or control. Instead, like every other non-response provided by PDFfiller to C.A.R.'s document requests and interrogatories, PDFfiller produced images of the forms that apparently appear at those webpages (wherever they are located) with no identifying information that would permit C.A.R. to test PDFfiller's claim to have no connection to these so-called "third-party sites," and withheld the URLs. Rather than lose even more valuable time playing PDFfiller's game, C.A.R. chose to cut to the chase by serving an interrogatory seeking the identity of the person who collected these documents and a list of the URLs of the so-called "third-party sites" where PDFfiller collected these documents.

PDFfiller argues that it does not need to answer Interrogatory No. 10 because C.A.R has exceeded a "25-interrogatory limit." PDFfiller seeks to transmogrify C.A.R.'s Interrogatory Nos. 1-8 from eight into 23 interrogatories by declaring portions of those interrogatories to be "discrete subparts," refusing to provide information responsive to the overwhelming majority of those "subparts," and then counting those "subparts" toward the total number of interrogatories to which PDFfiller has provided responses. C.A.R.'s Interrogatory Nos. 1-8 comprise eight --

not 23 -- interrogatories.  And to the extent that Interrogatory No. 9  -- seeking the factual basis for PDFfiller's whopping 28 "affirmative and additional defenses" -- comprises 28 discrete interrogatories, the Court possesses authority to grant C.A.R. leave to serve additional interrogatories and order PDFfiller to answer Interrogatory No. 9 to clarify whether there exists any factual basis for these defenses.  *See, e.g., Avila v. Mohave County*, 2015 WL 6660187, at *7 (D. Ariz. 2015) ("[T]he Answering defendants have asserted an extraordinary number of affirmative defenses.  In the interest of clarifying whether or not there is a factual or legal basis for the thirty-six affirmative defenses . . . [t]he Answering defendants shall answer Interrogatory No. 6 in full.").

## CONCLUSION

For all of the foregoing reasons, C.A.R. respectfully requests that the Court order PDFfiller to answer C.A.R.'s Interrogatory No. 10.

Respectfully submitted,

**CALIFORNIA ASSOCIATION OF REALTORS®, INC.,**

By its attorneys,

/s/ *Brandon L. Bigelow*
William N. Berkowitz (BBO# 544148)
wberkowitz@seyfarth.com
Brandon L. Bigelow (BBO# 651143)
bbigelow@seyfarth.com
Lisa K. Haines (BBO# 667802)
lhaines@seyfarth.com
Caleb J. Schillinger (BBO# 676592)
cschillinger@seyfarth.com
SEYFARTH SHAW LLP
Seaport East, Suite 300
Two Seaport Lane
Boston, MA 02210
(617) 946-4800

Dated:  July 3, 2017

6

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 3, 2017.

*/s/ Brandon L. Bigelow*
Brandon L. Bigelow