# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF REALTORS, INC.,<br>            Plaintiff,<br><br>        v.<br><br>PDFFILLER, INC., VADIM YASINOVSKY, *and* BORIS SHAKHNOVICH,<br>            Defendants.<br><br>PDFFILLER, INC.<br>            Counterclaim/Third-Party Plaintiff,<br><br>        v.<br><br>CALIFORNIA ASSOCIATION OF REALTORS, INC.<br>            Counterclaim-Defendant,<br><br>        and<br><br>REAL ESTATE BUSINESS SERVICES, INC. *and* RE FORMSNET LLC *d/b/a* ZIPLOGIX, LLC,<br>            Third-Party Defendants. | Civil Action<br>No. 1:16-cv-11021 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT PDFFILLER, INC.'S MOTION TO COMPEL

Michael G. Strapp (BBO #653884)
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA  02110-1447
Telephone:  617.406.6031
Facsimile:  617.406.6100
michael.strapp@dlapiper.com
*Attorneys for Defendants and
Counterclaim/Third-Party Plaintiff*

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................................ 1

II.     RELEVANT FACTS ......................................................................................................... 2

        A.      The Parties ......................................................................................................... 2

        B.      The Discovery Process Leading up to this Motion ............................................... 3

III.    ARGUMENT ..................................................................................................................... 3

        A.      CAR Should Be Compelled to Provide Information It Is Withholding on
                the Basis of Its Improper Objection Based on the Pendency of Its Motion
                to Dismiss ............................................................................................................. 3

        B.      CAR Should Be Compelled to Provide Complete, Non-Evasive
                Interrogatory Responses ........................................................................................ 7

IV.     CONCLUSION ................................................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Assessment Techs. of WI, LLC v. WIREdata, Inc.*,
  350 F.3d 640 (7th Cir. 2003) ................................................................................6

*Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena*,
  298 F. Supp. 1309 (S.D.N.Y. 1969), *modified sub nom. Carl Zeiss Stiftung v. VEB
  Carl Zeiss Jena*, 433 F.2d 686 (2d Cir. 1970) ................................................7

*Harris Corp. v. Ruckus Wireless, Inc.*,
  No. 611CV618ORL35KRS, 2011 WL 13142646 (M.D. Fla. Nov. 23, 2011) ...........4

*Lasercomb Am., Inc. v. Reynolds*,
  911 F.2d 970 (4th Cir. 1990) ................................................................................6

*Mlejnecky v. Olympus Imaging Am., Inc.*,
  No. 2:10-CV-02630, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011) ...........................4

*Pharma Supply, Inc. v. Stein*,
  No. 14-80374-CIV, 2015 WL 11422274 (S.D. Fla. Apr. 3, 2015) ...........................4

*Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*,
  121 F.3d 516 (9th Cir. 1997), amended, 133 F.3d 1140 (9th Cir. 1998) ..................7

*Silva v. First Student, Inc.*,
  No. 13-CV-13051-GAO, 2015 WL 7432325 (D. Mass. Nov. 23, 2015) ...................4

STATUTES

15 U.S.C.A. § 1115(b)(7)..........................................................................................7

OTHER AUTHORITIES

Fed. R. Civ. P. 37(a) ...............................................................................................1

Fed. R. Civ. P. 37(d)(2)........................................................................................4, 8

Fed. R. Civ. P. 26(c) ............................................................................................4, 8

Fed. R. Civ. P. 33..................................................................................................4, 7

Fed. R. Civ. P. 33(d) ...............................................................................................8

Fed. R. Civ. P. 37(a)(4)............................................................................................7

## I.  <u>INTRODUCTION</u>

Defendant PDFfiller, Inc. ("PDFfiller") respectfully moves the Court pursuant to Fed. R. Civ. P. 37(a) for an Order directing Plaintiff California Association of Realtors, Inc. ("CAR") to amend and supplement its responses to PDFfiller's Interrogatories.

CAR's interrogatory responses are deficient because CAR has refused to provide the requested information based on improper objections and because CAR's responses are evasive and incomplete.  For example, CAR claims it is not obligated to provide information related to PDFfiller's antitrust counterclaims because these counterclaims are the subject of CAR's pending motion to dismiss.  However, CAR has neither moved for a protective order nor sought a stay of discovery, which would have been the proper vehicles for asserting its position.  Instead, CAR has engaged in self-help, staying its own discovery by simply withholding information and standing on its invalid objections based on the pendency of the motion to dismiss.  In any event, the requested information is relevant to the claims and defenses at issue in the case-in-chief, and thus should not be withheld pending a motion to dismiss PDFfiller's counterclaims.

PDFfiller raised the issue of CAR's deficient interrogatory responses during a meet-and-confer on June 22, 2017.  *See* Couto Decl. ¶¶ 4-5, Ex. C.  Despite PDFfiller's request that CAR amend its evasive and incomplete responses to Interrogatories Nos. 4, 5, 7, 8, 9, and 11, CAR has refused to amend or supplement its responses.  The information requested is relevant to claims and defenses in the case-in-chief.  Accordingly, PDFfiller respectfully moves the Court for an order compelling CAR to comply with its discovery obligations, as set forth herein.

## II.    RELEVANT FACTS

### A.  The Parties

CAR is a real estate trade association with approximately 170,000 members.  *See* Compl. ¶¶ 7, 23 (Dkt. 1).  CAR alleges that "a highly regarded benefit of membership" in CAR (*see* Compl. ¶ 35) is access to the forms created and designed by CAR "to cover essentially all aspects of the types of residential and commercial real estate purchase, sales, and leasing transactions in which C.A.R.'s members engage" – which CAR refers to as the "C.A.R. Library."  *See* Compl. ¶ 28.  According to CAR, "[a]ccess to the C.A.R. Library is restricted to C.A.R.'s paid members and other licensees.  Electronic versions" of CAR's forms "are only available via software ("zipForm®") offered by RE FormsNet, LLC d/b/a zipLogix ("zipLogix").  The Manager and majority owner of zipLogix is Real Estate Business Services Inc. ("REBS"), a wholly owned subsidiary of C.A.R."  *See* Compl. ¶ 31.  In this action, CAR alleges that PDFfiller has infringed CAR's purported copyrights in CAR's forms and allegedly related trademark rights.  *See generally* Compl.

PDFfiller is a company in Brighton, Massachusetts that provides a paperless transaction management system through its website (www.pdffiller.com), which allows users to fill, edit, and modify electronic fillable forms.  *See* 2d Am. Answer ¶ 11 (Dkt. 100).  PDFfiller's customers use its website to save time, reduce the use of paper, and introduce more efficiency to their document workflow.  PDFfiller provides its customers with the services of an online, collaborative document editor, a cloud storage platform, and an electronic signature request manager in one package.

PDFfiller has filed a third-party complaint against REBS and zipLogix (*see* Dkt. 31) and asserted counterclaims against CAR (*see* Dkt. 32) for antitrust violations.  *See* 3d Pty. Compl. (Dkt. 31); 2d Am. Answer, at 21-37 (Dkt. 100).  CAR, REBS, and zipLogix ("Counter-

Defendants") have participated in an unlawful scheme to monopolize the relevant market for electronic fillable real estate forms ("EFRE") by deliberately restricting access to CAR's EFRE to users of zipForm software. *Id*. Counter-Defendants have illegally tied CAR EFRE to zipForm, conditioning access and use of CAR EFRE on the purchase or download of zipForm. *See* 3d Pty. Compl. ¶¶ 1-16; 2d Am. Answer, Counterclaims ¶¶ 1-10, 21-29. Thus, when a non-CAR real estate professional attempts to purchase CAR EFRE online via CAR's website, he or she must also purchase zipForm. *Id*. As a result of the common management and ownership relationships among Counter-Defendants, the motivation for their unlawful scheme is clear. *See* 3d Pty. Compl. ¶ 30; 2d Am. Answer, Counterclaims ¶ 23. Counter-Defendants have a shared interest in preventing customers from accessing California EFRE through software like the PDFfiller website that competes with zipForm. *Id*.

### B.  The Discovery Process Leading up to this Motion

PDFfiller served its initial set of interrogatories on CAR on May 10, 2017, and CAR served its responses on June 9, 2017, and its amended responses on June 16, 2017. *See* Couto Decl., ¶¶ 2-3, Exs. A, B. In light of the deficient answers provided, PDFfiller scheduled a meet-and-confer call to discuss each deficiency and to request that CAR amend or supplement its interrogatory responses. *Id*. ¶ 4-5. However, during that call on June 22, 2017, CAR refused any such amendment or supplementation and insisted it was not required to provide certain information based on CAR's pending motion to dismiss PDFfiller's counterclaims. *See Id*. ¶ 4.

### III.   ARGUMENT

**A.  CAR Should Be Compelled to Provide Information It Is Withholding on the Basis of Its Improper Objection Based on the Pendency of Its Motion to Dismiss.**

CAR has improperly withheld information responsive to several PDFfiller discovery requests on the basis that a motion to dismiss PDFfiller's counterclaims is pending.  CAR's decision to withhold information responsive on that basis is improper for two reasons.

*First*, the mere pendency of a motion to dismiss is not a valid basis for withholding information, absent a motion for protective order or a motion to stay discovery.  A party's failure to respond to interrogatories under Rule 33 is "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  Fed. R. Civ. P. 37(d)(2); *see also* 7-37 Moore's Fed. Prac. - Civil § 37.94.  Nor is the objecting party permitted to stay its own discovery obligations on the basis of the pendency of a motion to dismiss.  *See*, *e.g.*, *Silva v. First Student, Inc.*, No. 13-CV-13051-GAO, 2015 WL 7432325, at *1 (D. Mass. Nov. 23, 2015) ("The Court stated that it understood why the defendant had preferred to stay discovery pending resolution of the motion to dismiss, but admonished the defendant that it nonetheless should have responded to the plaintiff's discovery requests absent a court order staying discovery.  For that reason, the Court explained that it would allow the plaintiff's motion to compel outstanding discovery (in order to underscore the defendant's discovery obligations), and deny as moot the defendant's motion for a protective order."); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *4 (E.D. Cal. Feb. 7, 2011) (requiring responses to interrogatories and requests for production, finding "there is no dispute that absent a stay of discovery, [a party] is entitled to receive [the opposing party's] responses to its discovery requests").

"Although [CAR has] every right to request dismissal of [PDFfiller's counterclaims] and a stay of discovery, no authority entitles [CAR] to ignore [its] discovery obligations while those requests are pending." *Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2015 WL 11422274, at *2 (S.D. Fla. Apr. 3, 2015) (quoting *Iselo Holdings, LLC v. Coonan*, No. 02126, 2010 WL 3630125, at *9 (D. Colo. Sept. 10, 2010)); *see also Harris Corp. v. Ruckus Wireless, Inc.*, No. 611CV618ORL35KRS, 2011 WL 13142646, at *1 (M.D. Fla. Nov. 23, 2011) (granting in part motion to compel, finding that "*Chudasama* does not stand for the proposition that a party may assert a blanket objection to discovery based on the pendency of a motion to dismiss rather than filing a motion for a protective order before the date on which discovery responses are due").

*Second*, even if CAR's objection were a valid basis for withholding information that relates solely to PDFfiller's antitrust counterclaims, that basis would not relieve CAR of its obligation to provide information responsive to the disputed interrogatories because all of the disputed interrogatories seek information relevant to the claims and defenses at issue in the case-in-chief, as shown below:

- **INTERROGATORY NO. 4:** Separately for each of the past five years, state the number of real estate transactions in California in which CAR EFRE was used, and the total number of real estate transactions in California in which EFRE was used.

  **CAR's Response:** C.A.R. objects to this Interrogatory because the term "real estate transactions" is vague and ambiguous, and because it seeks information that is not relevant to any claim or defense in this case. C.A.R. further objects to this this Interrogatory because it seeks information that is not relevant to any claim or defense in this case. To the extent this Interrogatory seeks information in support of PDFfiller's antitrust claims, there is a pending motion to dismiss those claims, and discovery concerning those claims is premature and not proportional to the needs of the case until that motion is resolved. Notwithstanding the foregoing objections, C.A.R. states that it does not possess information responsive to Interrogatory No. 4.

- **INTERROGATORY NO. 5:** For each of the past five years, state the amount paid by CAR or REBS to zipLogix under the Licensing Agreement. Please organize these figures by (i) total annual amount paid by CAR or REBS for use of zipForm by CAR members, (ii) total annual amount paid by CAR or REBs for use of zipForm by non-CAR members,

4

(iii) annual amount paid by CAR or REBs for the use of zipForm per CAR member, and (iv) annual amount paid by CAR or REBS for the use of zipForm per non-CAR member.

**CAR's Response:** C.A.R. objects to this Interrogatory because it seeks documents that are not relevant to any claim or defense in this case. To the extent this Interrogatory seeks documents in support of PDFfiller's antitrust claims, there is a pending motion to dismiss those claims, and discovery concerning those claims is premature and not proportional to the needs of the case until that motion is resolved. Based on these objections, C.A.R. is withholding information responsive to this Interrogatory.

As an initial matter, CAR's contention that it does not understand the term "real estate transaction" in the context of Interrogatory No. 4 is strains credulity given that CAR itself has used the term "real estate transaction(s)" in its Complaint. *See, e.g.*, Dkt. 1 ¶¶ 40, 46, 47. Furthermore, how can CAR claim not to have information responsive to Interrogatory No. 4 if the information PDFfiller seeks is "vague and ambiguous"?

Additionally, the information PDFfiller seeks in Interrogatory Nos. 4 and 5 is relevant to CAR's claim for lost profit damages in connection with its case-in-chief. CAR's objections on the grounds of relevance and on the basis of its pending motion to dismiss have no merit.

The information PDFfiller requests is also probative of the extent of CAR's anticompetitive activities, which is relevant to PDFfiller's defenses of copyright and trademark misuse. PDFfiller asserts the affirmative defense of copyright misuse as its Twelfth Defense. *See* 2d Am. Answer, p.17 (Dkt. 100). A defendant may establish a defense of copyright misuse by either proving (1) a violation of the antitrust laws, or (2) that the plaintiff otherwise illegally extended its monopoly or violated the public policies underlying the copyright laws. *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 978 (4th Cir. 1990). The affirmative defense of copyright misuse "prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly." *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 350 F.3d 640, 647 (7th Cir. 2003). It "has generally been applied to practices thought to be

anticompetitive, such as certain tying arrangements" like that alleged by PDFfiller in this action, and "restrictive licensing terms" like CAR's licensing terms with its members. *See* 5 Patry on Copyright § 17:128; *see also Lasercomb*, 911 F.2d at 978 (plaintiff was "attempting to use its copyright in a manner adverse to the public policy embodied in copyright law, and . . . it has succeeded in doing so with at least one licensee"); *Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*, 121 F.3d 516, 520 (9th Cir. 1997), amended, 133 F.3d 1140 (9th Cir. 1998) ("AMA misused its copyright by licensing the CPT to HCFA in exchange for HCFA's agreement not to use a competing coding system").

PDFfiller asserts the affirmative defense of trademark misuse as its Thirteenth Defense. *See* 2d Am. Answer, p.17 (Dkt. 100). Under the Lanham Act, a defendant may establish a "defense" to trademark infringement by proving that "the mark has been or is being used to violate the antitrust laws of the United States." *See* 15 U.S.C.A. § 1115(b)(7); *see also Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena*, 298 F. Supp. 1309, 1314 (S.D.N.Y. 1969), *modified sub nom. Carl Zeiss Stiftung v. VEB Carl Zeiss Jena*, 433 F.2d 686 (2d Cir. 1970) (finding that the affirmative defense of trademark misuse may arise and a court "may deny enforcement of a trademark" where the party seeking to enforce a trademark "has used that trademark in violation of the antitrust laws").

Both of these defenses asserted by PDFfiller rely on showing antitrust violations or anticompetitive conduct. Therefore, even if CAR's pending motion to dismiss were a valid reason for CAR to withhold information responsive to PDFfiller's counterclaims – and, for the reasons set forth above, it is not – Interrogatories Nos. 4 and 5 are relevant to the case-in-chief and CAR should be compelled to provide substantive interrogatory responses.

**B. CAR Should Be Compelled to Provide Complete, Non-Evasive Interrogatory Responses.**

CAR has provided interrogatory responses that are evasive or incomplete. Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." A party's failure to respond to interrogatories under Rule 33 is "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." *See* Fed. R. Civ. P. 37(d)(2). CAR has no such pending motion for a protective order. CAR should be compelled to provide complete, non-evasive interrogatory responses not only to Interrogatory Nos. 4 and 5 (discussed above), but also to Interrogatory Nos. 7, 8, 9, and 11, for the following reasons:

- **INTERROGATORY NO. 7:** Identify the details and terms of any and all past or existing assignments, licenses, transfers of right, contracts, agreements (including without limitation settlement and coexistence agreements), or other understandings (written or oral) relating in any way to the Alleged Copyrighted Works, Alleged Mark, or Alleged Logo.

  **CAR's Response:** C.A.R. states pursuant to Rule 33(d) that it has produced documents which PDFfiller can review to ascertain the requested information as readily as C.A.R. could: the End-User License Agreement for Ziplogix Products and Services dated June 24, 2016; the End-User License Agreement for Ziplogix Products and Services dated August 5, 2016; the License Agreement between CAR and Real Estate Business Services (Oct. 28, 1999), with amendments; the License Agreement between REBS and Newport Beach Association of Realtors for CAR forms dated May 18, 2012; the License Agreement between REBS and North San Diego County Association of Realtors for CAR forms dated December 21, 2011; the License Agreement between REBS and Pismo Coast Association of Realtors for CAR forms dated August 27, 2013; the License Agreement between REBS and Sacramento Association of Realtors for CAR forms dated June 15, 2012; and the Amended and Restated Forms Software Agreement dated May 11, 2006, and amendments thereto. (*See* CAR0000118-0000148, CAR0000164-CAR0000195, CAR0000203-CAR0000214, and CAR0000229-CAR0000237).

CAR's response to Interrogatory No. 7 only includes a subset of the assignments, licenses, transfers of right, contracts, and agreements about which PDFfiller seeks information. All of this information, not just the subset of information CAR has chosen to produce, is relevant

7

to CAR's alleged damages, the validity of CAR's alleged copyrights and trademarks, CAR's alleged efforts to control and enforce its alleged rights, and the merits of the claims asserted by CAR regarding its alleged copyrights and trademarks.

- **INTERROGATORY NO. 8:** Describe in detail the circumstances under which You first became aware of any use of the Alleged Copyrighted Works, Alleged Mark, or Alleged Logo by PDFfiller or any of PDFfiller's customers or users, including without limitation (i) the date and nature of the use, (ii) the date on which You became aware of the use, and (iii) how You became aware of the use.

  **CAR's Response:** In 2013, C.A.R. became aware that two of the C.A.R. Copyrighted Works were on a website called www.pdfiller.com (the "PDFfiller Website"): (i) Notice to Buyer to Perform and (ii) California Residential Purchase Agreement and Joint Escrow Instructions. (*See* CAR 0003190). This discovery resulted in former C.A.R. attorney Grant Habata sending a Digital Millennium Copyright Act notice dated September 19, 2013 (the "DMCA Notice") to PDFfiller. (*See* CAR0003191). C.A.R. received an automated reply from PDFfiller. (*See* CAR0003192). On March 10, 2015, C.A.R. became aware that one of the two C.A.R. Copyrighted Works referenced in the DMCA Notice, the California Residential Purchase Agreement (the "RPA"), had not been removed by PDFfiller from the PDFfiller Website, and was in fact still available at the link identified in the DMCA Notice. A screenshot of the RPA on the PDFfiller Website was taken by former C.A.R. attorney Kalinda Fyles. (*See* CAR0003198). In and around the same time period, C.A.R. discovered numerous other C.A.R. Copyrighted Works on the PDFfiller Website, and Ms. Fyles, as well as former C.A.R. legal assistants, took screenshots of those C.A.R. Copyrighted Works. (*See* CAR0003200-CAR0003205). Between March 2015 and March 2016, C.A.R. attorneys Brian Manson and Shuan Lue and a C.A.R. legal assistant became aware that additional C.A.R. Copyrighted Works were on the PDFfiller Website by conducting the following tasks: (i) performing keyword searches in Google, (ii) using the PDFfiller Website's search function, (iii) reviewing the "A-Z Listing of Forms" PDFfiller Webpage link and (iv) reviewing a PDFfiller Website link to forms grouped by industry, and specifically the real estate industry. Ms. Lue took screenshots of the same. (*See* CAR0003436-CAR0003453). C.A.R.'s outside counsel also took screenshots of the C.A.R. Copyrighted Works on the PDFfiller Website in May 2016. (*See* CAR0000200-CAR0000202, CAR0003193-CAR0004455, CAR0004539-0004560, and CAR0004456-CAR0004538).

CAR does not actually say how it first became aware in 2013 of the allegedly infringing uses by PDFfiller. Furthermore, CAR states the year, but not the month or day, on which it first became aware of the allegedly infringing uses by PDFfiller. CAR has not "[d]escribe[d] in detail . . . [the] nature of the use . . . and [] how You became aware of the use," as PDFfiller requests in

8

Interrogatory No. 8. This requested information is important not only because it is probative of CAR's alleged efforts to control and enforce its alleged rights and the merits of any claim(s) asserted by CAR regarding its alleged rights, but also because it bears on PDFfiller's defenses related to laches, waiver, estoppel, and the statute of limitations.

- **INTERROGATORY NO. 9:** Describe in detail and identify all Documents concerning all measures You take or have taken to police or enforce Your alleged intellectual property rights over the Alleged Copyrighted Works, Alleged Mark, and Alleged Logo, including without limitation (i) any instances where You enforced or considered enforcement of Your alleged rights against any other party, and (ii) any instances of formal or informal investigations, reports, searches, studies, or surveys on any other party's uses of forms, marks, or logos that You deemed to be similar or identical to the Alleged Copyrighted Works, Alleged Mark, or Alleged Logo.

  **CAR's Response:** As detailed in C.A.R.'s Answer to Interrogatory No. 8, C.A.R.'s legal staff routinely monitors the use of the C.A.R. Mark, C.A.R. Logo, and C.A.R. Copyrighted Works in the marketplace, and takes appropriate measures to protect C.A.R.'s intellectual property rights, including by issuing Digital Millennium Copyright Act takedown notices, cease and desist demand letters, and by filing lawsuits to enforce C.A.R.'s intellectual property rights, where appropriate. C.A.R. objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case to the extent it demands that C.A.R. describe and identify documents in connection with each and every instance in which C.A.R. enforced or considered enforcing its intellectual property rights for some undefined period of time, and further objects to this Interrogatory because it seeks information that is not relevant to any claim or defense in this case, and C.A.R. will not identify or describe all documents concerning measures it has taken to protect its intellectual property rights in instances that are not placed at issue in connection with this litigation.

CAR does not "describe in detail and identify" its efforts to police or enforce its alleged copyrights and trademarks at issue in this lawsuit in its response to Interrogatory No. 9. CAR's "response" is limited to a cursory description of efforts it has taken against PDFfiller.

CAR's objections to providing a complete response to Interrogatory No. 9 should be rejected. First, CAR's claim that any information responsive to this Interrogatory is irrelevant is misplaced as this Interrogatory seeks information that is probative of whether CAR has valid copyrights or trademarks, what steps, if any, CAR has taken to police its rights in any such

9

copyrights or trademarks, and whether CAR is engaging in copyright or trademark misuse to stifle competition or otherwise violate public policy.  Second, CAR's boilerplate contention that the interrogatory is unduly burdensome should be rejected because CAR does not offer any reasoned explanation for why it would be unduly burdensome to provide the requested information.

- **INTERROGATORY NO. 11:** Identify any damages whatsoever, including without limitation loss of profits or revenue, or any irreparable damage, that can be attributed to PDFfiller's allegedly infringing activities.

  **CAR's Response:** C.A.R. states that PDFfiller's unauthorized use of the C.A.R. Copyrighted Works, C.A.R. Mark, and C.A.R. Logo violates (i) the U.S. Copyright Act, 17 U.S.C. § 501; (ii) the Lanham Act, 15 U.S.C. § 1125(a)(1); (iii) the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a) and (iv) the Massachusetts Consumer Protection Law, G. L. c. 93A §§ 2 and 11. These statutes authorize C.A.R. to recover as damages PDFfiller's profits and C.A.R.'s actual damages and/or statutory damages as a result of PDFfiller's illegal conduct. C.A.R. may recover lost sales, as demonstrated by the revenue it received from the C.A.R. Copyrighted Works from 2011 through 2017, including revenue from: (i) non-member sales of zipForm® Plus and zipForm® Standard; (ii) sales of forms in paper format; (iii) Print on Demand; and (iv) membership dues. (*See* CAR0003179-CAR0003182). C.A.R. also may seek its costs to implement corrective advertising to repair damage caused by PDFfiller to C.A.R.'s goodwill and brand image. C.A.R. has provided its advertising financial information from 2011 through 2017. (*See* CAR0003183-0003189). C.A.R. also may seek a reasonable royalty payment based on PDFfiller's unauthorized use of its intellectual property. C.A.R. also may seek the cost of this action and recoupment of its attorney's fees. C.A.R. objects to this Interrogatory as premature and states that this Answer is based on the facts presently known to C.A.R., and reserves the right to amend this Answer to incorporate its expert's opinions in the time permitted by the Scheduling Order in this case.

CAR fails to identify with any specificity whatsoever the damages it seeks in this litigation in response to Interrogatory No. 11.  Instead, CAR merely states what it may recover under the applicable statutes, and provides a convoluted argument regarding how its "lost sales" may be "demonstrated by the revenue it received from the C.A.R. Copyrighted Works."  CAR's contention that the requested information is premature should be rejected. CAR should be required now, during fact discovery, to provide whatever responsive, relevant information it has

10

in its possession, custody, or control that is probative of the existence or amount of damages it claims.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, PDFfiller respectfully requests that its motion be granted and that the Court direct CAR to amend and supplement its responses to PDFfiller's Interrogatories Nos. 4, 5, 7, 8, 9, and 11.

Dated:  July 12, 2017                                                Respectfully submitted,

                                                                           */s/ Michael G. Strapp*
                                                                           Michael G. Strapp (BBO #653884)
                                                                           **DLA Piper LLP (US)**
                                                                           33 Arch Street, 26th Floor
                                                                           Boston, MA  02110-1447
                                                                           Telephone:  617.406.6031
                                                                           Facsimile:  617.406.6100
                                                                           michael.strapp@dlapiper.com

                                                                           Paolo Morante (admitted *pro hac vice*)
                                                                           paolo.morante@dlapiper.com
                                                                           Peter J. Couto (admitted *pro hac vice*)
                                                                           peter.couto@dlapiper.com
                                                                           Adam I. Steene (admitted *pro hac vice*)
                                                                           adam.steene@dlapiper.com
                                                                           **DLA Piper LLP (US)**
                                                                           1251 Avenue of the Americas, 27th Floor
                                                                           New York, NY  10020-1104
                                                                           Telephone:  212.335.4500
                                                                           Facsimile:  212-335-4501

                                                                           *Attorneys for Defendants and*
                                                                           *Counterclaim/Third-Party Plaintiff*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 12, 2017.

<u>*/s/ Michael G. Strapp*</u>
Michael G. Strapp

12